UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RACHEL PARIS,**

      **Plaintiff,**    **CIVIL ACTION NO. 10-CV-10847**

  **vs.**

                            **DISTRICT JUDGE PAUL D. BORMAN**

**BOB MURRAY and THE**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**ANAHEIM DUCKS HOCKEY**
**CLUB, LLC,**

      **Defendants.**
_____/

### ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL MEDICAL EXAMINATIONS AND PRODUCTION OF DOCUMENTS (DOCKET NO. 17)

Plaintiff filed this action for damages alleging that she was injured in May 2009 when she was struck by a chair thrown by Defendant Murray, the Executive Vice President/General Manager of Defendant Anaheim Ducks Hockey Club, after the Ducks lost to the Detroit Red Wings in the Stanley Cup Playoff series. Plaintiff claims that she suffered severe and permanent physical injuries and psychological trauma as a result of the incident. (Docket nos. 1, 20). Presently before the Court is Defendants' Motion To Compel Medical Examinations and Production of Documents. (Docket no. 17). Plaintiff has filed a response. (Docket no. 20). Defendants have filed a reply. (Docket no. 23). The parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 24). The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 19). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling.

1

Defendants request that Plaintiff submit to a psychiatric examination by Dr. Jeffrey A. Kezlarian and a videotaped orthopedic examination by Dr. Zachary Endress, Jr. pursuant to Rule 35(a) of the Federal Rules of Civil Procedure. Rule 35(a) allows a court to order such examinations where the party's mental or physical condition is in controversy. Fed.R.Civ.P. 35(a). Plaintiff does not dispute that her mental and physical conditions are in controversy and agrees to submit to the physical and psychological examinations. Rather, Plaintiff objects to Defendants' request to have the physical examination videotaped.

"Most courts analyze a request for a recording device the same way they evaluate whether to permit the presence of an attorney at a Rule 35 . . . examination." *Lerer v. Ferno-Washington, Inc.*, No. 06-81031, 2007 WL 3513189, at *1 (S.D. Fla. Nov. 14, 2007) (quoting *Favale v. Roman Catholic Diocese of Bridgeport*, 235 F.R.D. 553, 557 (D. Conn. 2006)). "The party seeking to record or videotape an examination bears the burden of showing good cause for the request." *Calderon v. Reederei Claus-Peter Offen GmbH & Co.*, 258 F.R.D. 523, 529 (S.D. Fla. April 27, 2009) (citing *Lerer v. Ferno-Washington, Inc.*, No. 06-81031, 2007 WL 3513189, at *1 (S.D. Fla. Nov. 14, 2007)).

To establish good cause Defendants argue that a video recording of Plaintiff's physical examination will permit the jury to observe Plaintiff's recorded movements and better assess Dr. Endress' testimony regarding Plaintiff's physical limitations. Defendants further argue that a recording is necessary because Plaintiff intends to demonstrate her ability to move for the jury and could try to attack the validity of Dr. Endress' report and testimony if her ability to move at the time of trial is different from what it was when she was examined. Defendants' concerns are not unique to this case. Indeed, their arguments could be made in many if not most civil actions in which

physical injury is alleged. However, video recording Rule 35 examinations is the exception not the norm. The Court is not persuaded that Defendants have shown good cause or special circumstances to warrant recording the Plaintiff's physical examination in this case. The Court will deny Defendants' videotape request.

Next, Defendants move for an order compelling Plaintiff to produce the following three movie scripts: Taking in Fletcher Hill; Ultra Lounge; and Thirteen Ladders. Defendants show that they served a Request for Production on October 13, 2010 pursuant to Federal Rule of Civil Procedure 34 seeking production of the movie scripts. (Docket no. 17, Ex. C). They claim that the movie scripts are relevant because Plaintiff wrote the scripts and was allegedly preparing to make films from them, but now asserts in her Complaint that she has sustained damages based on her inability to work.

Rule 34 of the Federal Rules of Civil Procedure provides that a party must respond in writing to a proper Rule 34 request within thirty days after being served. Fed.R.Civ.P. 34(b)(2)(A). Plaintiff's written response or objection to Defendants' document request was due by November 15, 2010. On December 13, 2010 Plaintiff sent a letter correspondence to Defendants' counsel stating that she would permit the Defendants to read the scripts at Plaintiff's counsel's office, but that the scripts would not be copied or distributed because they are unique properties owned by the Plaintiff. (Docket no. 17, Ex. D; Docket no. 20). Plaintiff claims to have copyright protection on two of the three movie scripts and argues that she is concerned about copyright infringement and theft of her ideas.

Plaintiff offered no explanation for why she failed to object to Defendants' production request within the thirty days provided by the federal rules. Ordinarily, failing to object to discovery

3

requests within the allotted thirty days constitutes a waiver of any objections. *Ahmed v. L & W Eng'g Co.*, No. 08-13358, 2009 WL 56131, at *1 (E.D. Mich. Jan. 8, 2009) (citations omitted). Even if she had timely objected, Defendants have agreed to enter into a protective order regarding the movie scripts to limit who can view the scripts and to provide for their return upon the conclusion of this litigation. The Court finds this to be an adequate solution. Accordingly, Plaintiff will be ordered to produce the above referenced movie scripts subject to an appropriate protective order.

Defendants request for an award of costs and attorneys' fees incurred as a result of this motion pursuant to Rule 37 of the Federal Rules of Civil Procedure will be denied.

**IT IS THEREFORE ORDERED** that Defendants' Motion To Compel Medical Examinations and Production of Documents (docket no. 17) is **GRANTED IN PART** as follows:

1. Defendants will re-notice Plaintiff's mental and physical examinations as soon as possible with the examinations scheduled to be completed on or before March 31, 2011. No video recording will be made of the examinations.

2. The parties will draft and submit to the Court an appropriate stipulated protective order under which the three requested movie scripts will be produced. The proposed protective order must identify the date on which Plaintiff will produce the movie scripts which must be no later than March 31, 2011. If the parties cannot agree on the language of a protective order on or before 5:00 p.m. on March 18, 2011, each must submit to these chambers their respective proposed protective order. The Court will then select one of the orders to enter.

3. In all other respects, Defendants' motion is denied.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: March 2, 2011                    s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.


Dated: March 2, 2011                    s/ Lisa C. Bartlett
                                        Case Manager